# UNITED STATES DISTRICT COURT

# DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALIDUS REINSURANCE, LTD. | ) | CASE NO: |
| | ) | |
| 29 Richmond Road | ) | |
| Pembroke, Bermuda | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THE UNITED STATES OF AMERICA | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Validus Reinsurance, Ltd., by its undersigned counsel, hereby brings this Complaint against Defendant the United States of America and on information and belief alleges as follows:

### I. INTRODUCTION

1.      Plaintiff Validus Reinsurance Ltd. ("Validus") brings this action to recover excise taxes improperly assessed and collected against Validus by the United States Internal Revenue Service (the "IRS") for periods in 2006.

### II. THE PLAINTIFF

2.      Validus is a corporation organized under the laws of Bermuda and having its principal place of business in Bermuda.  At all times relevant to this action, Validus did not conduct business in the United States.

CHI 7321752v.3

## III. JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1346(a)(1).

4.      Venue is proper in this Court pursuant to 28 U.S.C. § 1402(a)(2), because Validus has no principal place of business or principal office or agency in any United States judicial district, and Validus filed no return in respect of the taxes in controversy.

## IV. FACTUAL BACKGROUND

5.      Validus is engaged in the reinsurance business.

6.      As part of its reinsurance business, Validus sells reinsurance to unrelated insurance companies ("ceding companies") that have underwritten direct insurance coverage of various insurance risks.

7.      As part of its reinsurance business, Validus sometimes buys reinsurance for a portion of its potential liabilities under the reinsurance contracts it sells to ceding companies. Such transactions, in which one reinsurer buys reinsurance from another reinsurer, are known in the insurance business as "retrocessions."

8.      26 U.S.C. § 4371 imposes an excise tax on certain premiums paid to a foreign insurer or reinsurer for insurance or reinsurance of United States insurance risks (the "Excise Tax").

9.      It is Validus' understanding that the United States ceding companies doing business with Validus (or their United States agents or brokers) reported and paid the Excise Tax required to be paid on the reinsurance premiums they paid to Validus during 2006.

10.     The IRS publication entitled "Foreign Insurance Excise Tax – Audit Techniques Guide" (April 2008) takes the position that the Excise Tax is a so-called "cascading" tax that may be imposed on an unlimited number of reinsurance transactions in a chain of transactions, as long as each transaction in the chain is deemed by the IRS to relate in whole or in part to an initial transaction involving United States insurance risks.

11.     During 2006, Validus paid reinsurance premiums to other foreign reinsurers in retrocessions.  It is Validus' understanding that its counterparties in such retrocessions were, like Validus, foreign reinsurers not conducting business in the United States.  The retrocessions were executed outside the United States.

12.     The IRS commenced an examination of Validus for the purpose of enforcing the IRS's "cascading" Excise Tax position against Validus in respect of the transactions described in the preceding paragraph.

13.     The IRS determined the amount of retrocession premiums paid by Validus that were deemed by the IRS to relate to United States insurance risks.  The IRS determined such an amount for each calendar quarter during 2006 because the Excise Tax is assessed and otherwise administered on the basis of calendar quarters.  The IRS then multiplied each quarterly amount by 1% to compute an amount of Excise Tax for each quarter.

14.     On February 8, 2012, the IRS requested that Validus consent to the assessment of the resulting Excise Tax amounts (totaling $326,340 for 2006) by issuing to Validus IRS Form 5384 ("Excise Tax Examination Changes and Consent to Assessment and Collection").  This IRS Form stated in part: "Taxpayer owes foreign reinsurance excise tax per IRC 4371 and Revenue Ruling 2008-15, relating to 2nd leg reinsurance (cascading) premiums paid to taxable (non-exempt) foreign reinsurance companies.  No penalties applicable since taxpayer had reasonable

cause for their position of non-taxability."

15.     Validus signed the Form 5384 and paid the assessment in full on February 27, 2012.

16.     The IRS subsequently computed interest on the amount of the 2006 Excise Tax assessment and billed Validus for such interest, which Validus also paid in full, in the amount of $ 109,040.

17.     On July 16, 2012, Validus filed timely claims for refund of the Excise Tax assessed for each of the four calendar quarters of 2006, by mailing four duly completed and executed IRS Forms 8849 ("Claim for Refund of Excise Taxes") for such calendar quarters to the IRS Service Center in Cincinnati, Ohio.

18.     Each of the refund claims stated in part: "As the basis for refund, Validus states that the tax was erroneously assessed and collected with respect to reinsurance retroceded by Validus, a foreign reinsurer, to other foreign reinsurers ("retrocessions") in transactions executed outside the United States. Premiums on the subject business were already subject to excise tax in transactions between United States parties and Validus. Accordingly, (1) no excise tax is imposed on the retrocessions under Internal Revenue Code Section 4371, properly construed, and (2) in all events, the United States lacks the power to tax the retrocessions as transactions outside the United States between foreign parties. In the event the Internal Revenue Service does not agree, prompt disallowance of this claim is requested."

19.     The IRS has taken no action on Validus' refund claims. Six months or more has elapsed since the claims were filed.

## V. COUNT I

20.    The allegations contained in paragraphs 1 through 19 are incorporated herein by reference.

21.    Validus had no liability for Excise Tax for each of the four calendar quarters during 2006, and the entire amount of Excise Tax and interest assessed against and collected from Validus for such periods therefore constitutes an overpayment.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant in the full amount of the Excise Tax, and related interest, assessed against and collected from Validus for the four calendar quarters during 2006, together with interest thereon as provided by law, and such other and further relief which this Court deems just and proper.


Respectfully submitted,


/s/ Joseph R. Guerra
Joseph R. Guerra
D.C. Bar. No. 418532
SIDLEY AUSTIN LLP
1501 K Street N.W.
Washington, D.C. 20005
Ph: 202.736.8000/fax: 202.736.8711

R. Lee Christie
Tracy D. Williams
Peter D. Edgerton
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL 60603

*Attorneys for Plaintiff Validus Reinsurance, Ltd.*